**Henry T. PRICE, Plaintiff-Appellant,**

v.

**TAMPA ELECTRIC COMPANY, Defendant-Appellee.**

**No. 86–3189.**

United States Court of Appeals, Eleventh Circuit.

Jan. 5, 1987.

Robert Fraser, Tampa, Fla., for plaintiff-appellant.

Holland & Knight, Karl J. Brandes, Tampa, Fla., Stanford G. Wilson, Elarbee, Thompson, & Trapnell, Charles K. Howard, Jr., Atlanta, Ga., for defendant-appellee.

Before CLARK, EDMONDSON and KEITH *, Circuit Judges.

PER CURIAM:

Appellant, Henry Price, alleging that his employer, Tampa Electric Company (TECO), violated § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), seeks overtime compensation for the time he spent studying four Heathkit Electronics courses at home. Appellant has been a meterman with TECO since 1946. The courses were designed to train metermen on the new solid-state equipment that TECO planned to introduce, and thus to enable the metermen to advance to the new meterman "A" or "B" classifications established by the collective bargaining agreement. The district court granted TECO's motion for summary judgment, and we affirm.

---

* Honorable Damon J. Keith, U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

Under the regulations issued by the Department of Labor pertaining to hours worked, 29 C.F.R. § 785.1, *et seq.*, training programs need not be counted as working time if (1) attendance is voluntary; (2) the course is not directly related to the employee's job; (3) attendance is outside of regular working hours; and (4) the employee does not perform productive work during attendance. *See* 29 C.F.R. § 785.27. Attendance is not voluntary when the employer requires the course or leads the employee to believe that he will suffer adversely if he fails to take the course. 29 C.F.R. § 785.28. TECO did not require that metermen take the course to continue working in this position. Rather, the company and the union agreed to set up a system whereby metermen could elect to be trained on the new equipment and, upon enrollment in the first course, advance to a higher salary level. Had appellant chosen not to initially enroll in, or continue taking the courses, he would have remained a meterman with the same responsibilities and benefits he had enjoyed previously. Thus, appellant's claim that his attendance was not voluntary—because he never agreed to take the courses on his own time and because failure to complete the courses would require him to return to the meterman classification—is without merit.

A course that is designed to prepare an employee for advancement by upgrading his skills, and not intended to make the employee more efficient in his present job, is not considered directly related to the employee's job although it may incidentally improve his skills in performing his regular work. 29 C.F.R. § 785.31. Appellant admits that his primary responsibility was testing rubber goods in the Meter Department, and the manager of the department estimated that he spent more than 90% of his time in this capacity. During the remaining 10%, appellant worked on metering equipment that TECO had been using for several years. This equipment included electro-mechanical magnetic tape recorders and electro-magnetic meter recording devices. Although appellant may have benefited incidentally from training on the new solid-state meters, the courses were not related to his current job of testing primarily rubber goods and, on occasion, metering equipment. Whether attendance was outside of regular working hours, and whether the appellant performed productive work during attendance, are not disputed issues.

Appellant contends that he was already familiar with the operation of solid-state meters as a result of his work on advanced components of the traditional meters, but this claim seems inconsistent with his assertion that he spent more than 2,000 hours studying the courses at home. Yet, assuming that appellant already possessed all of the skills necessary to work on the new solid-state meters, he would still not be entitled to overtime compensation for his study time. The appropriate relief would have been to seek a waiver of the course requirement, prior to enrollment and completion of the four courses.

AFFIRMED.